IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUKUSITINO AFAMASAGA, F83176, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> KATHY CHISUM, et al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 11-6405 CRB (PR) <br><br> ORDER OF DISMISSAL |

Plaintiff, a prisoner at North Kern State Prison (NKSP), has filed a pro se complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging that, while he was at Salinas Valley State Prison (SVSP), he fell and injured himself because prison officials failed to replace a defective shower chair he had complained about. Plaintiff claims violations of his federal and state law rights, and, in addition to prison officials, names the shower chair manufacturers as defendants.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Under 28 U.S.C. § 1367, district courts have supplemental jurisdiction over state law claims that are so related to the federal claims in the action "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

B.  Legal Claims

Plaintiff alleges that on October 31, 2009, while he was incarcerated at SVSP, his shower chair slid from under his control causing him to fall and injure himself. Plaintiff claims that various SVSP officials are liable for his injuries because he had warned them that the shower chair was defective because it often slid. Although SVSP officials inspected the chair after plaintiff complained and elected to replace it with a newer one, plaintiff contends that they should have recognized that the problem was a design defect and replaced the chair with an entirely different model.

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment. Id. at 834. A prison official cannot be held liable under § 1983 for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and

disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Although regrettable, plaintiff's allegations fail to state a claim upon which relief may be granted under § 1983. Perhaps SVSP officials should have done more than replace the chair with a newer one and should have tested the chair thoroughly to rule out a design defect, as plaintiff suggests. But their failure to do so at most states a claim for negligence or gross negligence not cognizable under § 1983. See id. at 835-36 & n.4. It is not enough to state a claim for deliberate indifference to plaintiff's health and safety needs under the Eighth Amendment. See id. at 837.

To be sure, plaintiff was injured and may be able to bring a claim for negligence or gross negligence against the named defendants in the state courts. But he cannot do so here simply by invoking § 1983. Plaintiff's state law claims will be dismissed without prejudice to bringing them in state court. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3) once it has dismissed all federal claims).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under § 1983. The related-state law claims are dismissed without prejudice to bringing them in state court.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: 04/17/2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Afamasaga, A.11-6405.dismiss.wpd